**RECORD NO. 14-4074**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMES THOMAS WEBB,

*Defendants-Appellants.*

—————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

—————————————

**OPENING BRIEF OF APPELLANT
JAMES THOMAS WEBB**

—————————————

Anne M. Hayes
Counsel for James T. Webb
P.O. Box 4203
Cary, North Carolina 27519
Tel. No. (919) 402-6134
hayesannemarg@aol.com

*Counsel for Appellant*                                     August 7, 2014

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

NATURE OF BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.    Course of Proceedings and Disposition in the District Court . . . . . . . . . . . 3

B.    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT AND CITATIONS OF AUTHORITY . . . . . . . . . . . . . . . . . . 12

I.    THE APPEAL WAIVER IN THE PLEA AGREEMENT IS
      UNENFORCEABLE BECAUSE THE WAIVER IS CONDITIONED
      ON THE IMPOSITION OF A GUIDELINES SENTENCE, AND THE
      DISTRICT COURT'S COMMENTS REVEAL IT SELECTED MR.
      WEBB'S SENTENCE INDEPENDENTLY OF THE SENTENCING
      GUIDELINES CALCULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      B.    Discussion of Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

II.   THE PROSECUTOR BREACHED MR. WEBB'S PLEA
      AGREEMENT BY REQUESTING A SENTENCE WITHIN A
      GUIDELINES RANGE THE DISTRICT COURT CALCULATED
      BASED ON A LOSS RANGE THAT EXCEEDED THE RANGE
      AGREED UPON IN THE PLEA AGREEMENT . . . . . . . . . . . . . . . . . . . 16

i

A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

B.    Discussion of Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE ON APPELLEE

# TABLE OF AUTHORITIES

## CASES

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11, 20

*Peugh v. United States*, 133 S. Ct. 2072 (2013) . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Santobello v. New York*, 404 U.S. 257 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Broughton-Jones*, 71 F.3d 1143 (4th Cir. 1995) . . . . . . . . 12, 14

*United States v. Dawson*, 587 F.3d 640 (4th Cir. 2009) . . . . . . . . . . . . . . . . 16, 17

*United States v. Gomez-Jimenez*, 750 F.3d 370 (4th Cir. 2014) . . . . . . . . . . . . . 15

*United States v. Harvey*, 791 F.2d 294 (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . 16

*United States v. Lewis*, 633 F.3d 262 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . 17

*United States v. McQueen*, 108 F.3d 64 (4th Cir. 1997) . . . . . . . . . . . . . . . . 16, 17

*United States v. Peglera*, 33 F.3d 412 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . 17

*United States v. West*, 2 F.3d 66 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 19

## STATUTES

18 U.S.C. § 1349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

iii

## UNITED STATES SENTENCING GUIDELINES

U.S.S.G. § 2B1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 17

U.S.S.G. § 2B1.1, comment. (n.3(E)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

U.S.S.G. § 2B1.1(b)(1)(K) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

U.S.S.G. § 3E1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with offenses against the laws of the United States. The court of appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which gives the courts of appeals jurisdiction over all final decisions of the district courts of the United States, and 18 U.S.C. § 3742(a), which authorizes defendants to appeal their sentences. The final judgment was entered on January 22, 2014, and the defendant filed a timely notice of appeal on January 23, 2014.

## STATEMENT OF THE ISSUES

1.      Whether the appeal waiver in the plea agreement is unenforceable, because the waiver is conditioned on the imposition of a guidelines sentence, and the district court's comments reveal it selected Mr. Webb's sentence independently of the sentencing guidelines calculations.

2.      Whether the prosecutor breached Mr. Webb's plea agreement by requesting a sentence within a guidelines range the district court calculated based on a loss amount that exceeded the amount agreed upon in the plea agreement.

## NATURE OF BRIEF

This brief is submitted to the Court pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Counsel for James T. Webb has carefully reviewed the record and has concluded there are no meritorious grounds for appeal. Counsel has set forth below the only arguments that she perceives present an arguable basis for relief.

2

## STATEMENT OF THE CASE

**A.    Course of Proceedings and Disposition in the District Court**

Appellant James T. Webb pleaded guilty pursuant to a plea agreement to conspiring to commit bank and wire fraud, in violation of 18 U.S.C. § 1349. Docket Entry (D.E.) 1:8-9 (Indictment, Count One); D.E. 44 (plea agreement); D.E. 73 (transcript of arraignment).[1] Mr. Webb was represented by counsel at his arraignment. *See* D.E. 73:1.

Mr. Webb's attorney later moved to withdraw as counsel for Mr. Webb. D.E. 57 (8/19/13 motion). After a hearing, the district court ruled Mr. Webb would represent himself for sentencing purposes, with the attorney serving as standby counsel. D.E. 141:22-23 (transcript of 8/28/13 hearing).

Prior to the sentencing hearing, Mr. Webb submitted objections to the presentence investigation report (PSR). D.E. 146 (sentencing memorandum); PSR Addendum. During the sentencing hearing, Mr. Webb unsuccessfully pursued his objections to the calculation of his sentencing guidelines range. D.E. 142:9-10, 14-16, 281-309 (sentencing transcript). The district court overruled Mr. Webb's objections and imposed a 327-month term of imprisonment. D.E. 127 (judgment);

---

[1]Because this brief is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), no appendix has been prepared. Record citations refer to the docket entry, followed by a colon and page numbers, where appropriate.

3

D.E. 142:331. The court also ordered Mr. Webb to pay $11,946,739.80 in restitution. D.E. 127; D.E. 142:332.

Mr. Webb filed a timely notice of appeal. D.E. 121, 122.

### B.    Statement of Facts

Mr. Webb was charged in Count One of the indictment with conspiring to commit bank and wire fraud in connection with construction and real estate businesses he operated. D.E. 1:1-9. The indictment charged specifically that a member of the conspiracy filed at least one false HUD-1 settlement statement, a member of the conspiracy created at least one property appraisal that contained a false statement, and Mr. Webb orchestrated the transaction or transactions to which the false statements related. D.E. 1:9.

At the time of indictment, Mr. Webb was living in South Florida. D.E. 11 (Rule 5(c)(3) documents). Upon his arrest, he had a detention hearing in the Southern District of Florida and was ordered detained. D.E. 11; D.E. 73:41. He consented to his transfer to the Eastern District of North Carolina. D.E. 11:1.

Mr. Webb's plea agreement reflects his agreement to plead guilty to the bank and wire fraud conspiracy charge and to pay restitution to victims. D.E. 44:1, 3-4. The plea agreement also stated as follows:

> 5.    The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's

4

conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

> a. A downward adjustment of three levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

> b. A[n] 18 level specific offense enhancement is warranted under U.S.S.G. §2B1.1 because the loss exceeded $2.5 Million, but was less than $7 Million.

D.E. 44:7. Additionally, the plea agreement states Mr. Webb waived his right to appeal any sentence imposed within the guidelines range established at sentencing. D.E. 44:1. Mr. Webb reserved the right to appeal an above-guidelines sentence and to appeal his sentence based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his plea. D.E. 44:1.

After the district court accepted Mr. Webb's guilty plea on March 18, 2013, D.E. 73:39, he asked, through counsel, to be released from detention pending sentencing. D.E. 73:40. Counsel explained there were several hundred thousand pages of discovery, and Mr. Webb's release would greatly facilitate the defense's preparation for the sentencing hearing. D.E. 73:41-42. Defense counsel noted the need to determine loss amounts for sentencing purposes. D.E. 73:42. The district court denied Mr. Webb's request for release. D.E. 73:49.

On August 28, 2013, the district court granted Mr. Webb's attorney's motion to withdraw. The court ruled Mr. Webb would represent himself for sentencing purposes, and it appointed the attorney as stand-by counsel. D.E. 141:22-23.

The revised presentence investigation report prepared on September 24, 2013, lists a loss amount of $11,710,766.02 attributable to Mr. Webb's offense, resulting in a 20-level enhancement under U.S.S.G. § 2B1.1(b)(1)(K); PSR ¶ 56. Prior to the sentencing hearing, Mr. Webb objected to this loss amount and the 20-level enhancement. *See* D.E. 146:6-19, 63; PSR Addendum. He argued he was entitled to $47 million in credits against loss (*see* U.S.S.G. § 2B1.1, comment. (n.3(E))), so no enhancement was warranted. D.E. 146:63; PSR Addendum. Mr. Webb also asserted several other objections to the guidelines calculations in the PSR. D.E. 146:63-65; PSR Addendum.

At the beginning of the January 15, 2014, sentencing hearing, the prosecutor acknowledged Mr. Webb's challenge to the loss amount and stated:

> The government, in this case alone and just for the purpose of this hearing, the government has agreed to let Mr. Webb out of that provision of the agreement. The government is going to put on evidence and we're happy to let Mr. Webb put on whatever evidence he wishes to put on with regard to the loss in this case. The government will stand by its obligation in the plea agreement and advocate for the loss of $2.57 million. So we ask the court to release Mr. Webb from that obligation under the plea agreement.

D.E. 142:9.

6

Mr. Webb confirmed that the amount of loss, in light of credits against losses, was the primary issue in the case. D.E. 142:9-10, 14-15. Mr. Webb notified the court he also would pursue several other objections. D.E. 142:15-16.

The government called Federal Bureau of Investigation Special Agent James Cheroke as a witness, and he testified on direct examination about the charged conspiracy. D.E. 142:16-107. Agent Cheroke testified that loss questionnaires had been submitted by 25 investors and by an insurance company that provided coverage for an attorney affiliated with Mr. Webb. D.E. 142:105-06; Gov't Exh. 201-226. He testified the losses claimed by these persons, after deducting sums they got back from Mr. Webb, totaled approximately $7.7 million. D.E. 142:107. This number was reflected on a summary exhibit. D.E. 142:106; Gov't Exh. 200.

Government accountant Garry Mlot testified on direct examination about the movement of money among bank accounts used by Mr. Webb and his companies and about financial losses suffered by banks in connection with loans. D.E. 142:155-72. Before Mr. Mlot testified, the prosecutor explained the government was standing by its agreement that Mr. Webb should be held responsible for $2.57 million in losses, but that it was required to present evidence of all losses due to Mr. Webb's assertion that the credits against losses would result in a negative loss amount. D.E. 142:153-54.

7

Mr. Mlot testified that information about loan-related losses incurred by six banks were documented in Government Exhibits 451-456. D.E. 142:167-68. This information was summarized in Government Exhibits 450 and 450A, which showed total losses to the banks of approximately $5 million. D.E. 142:168-70.

The government called three investors/victims as witnesses, and four additional investors/victims made statements to the court. D.E. 142:175-88, 188-201, 201-14, 315-16, 316-18, 318-19, 319-21.

Mr. Webb testified on his own behalf (D.E. 142:231-80) and called three additional witnesses: Special Agent Mark Heinbach of the U.S. Department of Housing and Urban Development (D.E. 142:215-21); investor Melvin Harris (D.E. 142:221-26); and Mr. Webb's mother, Eliza Sloan (D.E. 142:226-29).

After the presentation of evidence concluded, the district court overruled each of Mr. Webb's objections to the PSR. D.E. 142:281-309. With respect to the amount of loss, the district court found the financial institutions incurred loan-related losses totaling $4,204,010.00, and the investors and insurance company incurred losses totaling $7,742,729.80. D.E. 142:291-93, 296. The prosecutor again told the court the government was standing by the stipulated loss amount of $2.57 million. D.E. 142:293-94.

Having overruled Mr. Webb's objections, the district court found he had a total offense level of 39, a criminal history category of I, and a sentencing range of 262-337 months. D.E. 142:309.

Mr. Webb admitted his wrongdoing and apologized to the court. D.E. 142:309-10, 313-14, 324-25. He also asked the court to consider the good he had accomplished by providing employment in the construction field to persons who otherwise would have been jobless, and in benefitting some neighborhoods by renovating houses. D.E. 142:310-11, 313. Mr. Webb asked the court to grant a downward variance from the guidelines range. D.E. 142:324-25.

The prosecutor stated the government was "seeking a guideline sentence here in this case as determined." He added, "We're asking the court to impose the very top of the guidelines. In this case the court's determined that range to be 262 to 327." D.E. 142:321.

The district court imposed a 327-month prison sentence. It also ordered Mr. Webb to pay $4,204,010.00 in restitution to the banks and $7,742,729.80 to other victims. D.E. 142:331-32.

Finally, the district court stated:

[T]he court has considered a number of guideline objections. I do believe I have properly scored and calculated the advisory guideline range. But I announce, having fully considered the 3553(a) factors in this case, . . . I would impose the same sentence as an alternative variant

9

sentence if I miscalculated the advisory guideline range. This is the sentence that is sufficient but not greater than necessary in this case for all the reasons that I have articulated.

D.E. 142:333.

## SUMMARY OF THE ARGUMENT

Mr. Webb's appeal waiver is unenforceable, because the waiver is conditioned on the imposition of a guidelines sentence, and the district court's comments reveal it selected Mr. Webb's sentence independently of the sentencing guidelines calculations. The district court manifested its disregard for the essential role of the guidelines in the sentencing process when it announced it would have imposed the same sentence, regardless of whether it had miscalculated the sentencing guidelines range. The district court's disregard for the central importance of the sentencing guidelines is especially troubling where Mr. Webb's right to appeal is dependent on whether the sentence falls within or above the guidelines range selected by the court. The district court's approach to sentencing has stretched the scope of the appeal waiver beyond the firm, outer boundaries contemplated by Mr. Webb. Accordingly, this Court should not enforce the appeal waiver.

The prosecutor breached Mr. Webb's plea agreement when he requested a sentence within a guidelines range the district court calculated based on a loss amount that exceeded the amount stipulated in the plea agreement. When the government

agrees to advocate a specific position at sentencing and then fails to do so, he breaches the plea agreement. For most of the lengthy sentencing hearing, the prosecutor honored his promise to advocate for a loss amount of $2.57 million. In the end, however, the prosecutor asked the district court to impose a sentence at the top of a guidelines range the court had calculated using a much higher loss figure. The prosecutor thereby breached his agreement to advocate for a $2.57 million loss amount. The district court's imposition of the sentence requested by the prosecutor supports an inference that the prosecutor's recommendation influenced the outcome of the sentencing proceeding.

Because Mr. Webb had objected to the offense level stipulated in the plea agreement, because the prosecutor scrupulously complied with his promise to advocate for the stipulated loss amount up until the time the district court made a contrary loss finding, and because the district court was fully aware that the prosecutor advocated the use of the stipulated loss amount, counsel feels constrained to present this argument pursuant to the procedures of *Anders v. California*, 386 U.S. 738 (1967).

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    THE APPEAL WAIVER IN THE PLEA AGREEMENT IS UNENFORCEABLE BECAUSE THE WAIVER IS CONDITIONED ON THE IMPOSITION OF A GUIDELINES SENTENCE, AND THE DISTRICT COURT'S COMMENTS REVEAL IT SELECTED MR. WEBB'S SENTENCE INDEPENDENTLY OF THE SENTENCING GUIDELINES CALCULATIONS.**

### A.    Standard of Review.

Whether an appeal waiver is enforceable is reviewed *de novo*. *See United States v. Broughton-Jones,* 71 F.3d 1143, 1147 (4th Cir. 1995) (applying *de novo* review).

### B.    Discussion of Issue.

Mr. Webb's plea agreement contains a waiver of his right to appeal many issues relating to his sentence. D.E. 44:1. It preserves his right to appeal from a sentence that exceeds "the applicable advisory Guideline range that is established at sentencing." *Id.* Although Mr. Webb's 327-month sentence happened, by chance, to fall within the sentencing range identified by the district court, the appeal waiver should not be enforced. The district court made remarks that suggested it chose the 327-month sentence without reliance on the sentencing guidelines range. Under these circumstances, Mr. Webb should be permitted to appeal his sentence.

12

The Supreme Court recently addressed the fundamental role the sentencing guidelines have in the sentencing process. *See Peugh v. United States*, 133 S. Ct. 2072, 2079-80, 2083-84 (2013). The Court stated:

> The post-*Booker* federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines and that they remain a meaningful benchmark through the process of appellate review. As we have described, district courts *must* begin their analysis with the guidelines and remain cognizant of them throughout the sentencing process. Failing to calculate the correct Guidelines range constitutes procedural error.

*Id*. at 2083 (citations and internal quotation marks omitted).

Although the district court went through the motions of addressing Mr. Webb's objections to the probation officer's guidelines calculations, and it imposed a sentence within the calculated range, the court manifested its disregard for the vital role of the guidelines when it announced it "would impose the same sentence as an alternative variant sentence if [it] miscalculated the advisory guideline range." D.E. 142:333. In other words, the district court would have imposed the same sentence even if the guidelines range had never been calculated, or even if the correctly calculated range were dozens or hundreds of months shorter than the range assigned to Mr. Webb. This approach cannot be reconciled with the Supreme Court's directive that the guidelines range must be calculated correctly, the guidelines must serve as

13

the anchor for all sentencing decisions, and the guidelines must be considered throughout the sentencing process. *Peugh*, 133 S. Ct. at 2079-80, 2083-84.

Moreover, by tying the waiver of appeal to the imposition of a sentence within the guidelines range, the government created a reasonable expectation on the part of Mr. Webb that the district court not only would take all due care to calculate an accurate guidelines range, but also would view the calculated range as the anchor for its sentencing decision. By signing a plea agreement that contained an appeal waiver, Mr. Webb did not "subject himself to being sentenced entirely at the whim of the district court." *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (internal quotation marks omitted).

The district court's disregard for the central importance of a defendant's sentencing guidelines range is especially troubling in a case where a defendant is entitled to appeal his sentence only if it exceeds the range selected by the district court. Under Mr. Webb's plea agreement, he has waived his right to appellate review of his sentence if it falls within the range the district court establishes. D.E. 44:1. His right to have his sentence reviewed therefore is dependent on whether the sentence falls within or above the guidelines range the court selects. In this case, the district court decided a 327-month sentence would be appropriate, regardless of whether it fell within or above the guidelines range.

14

By announcing findings that yielded a 262-327 month guidelines range – a range that encompassed the sentence selected independently of the guidelines – the district court likely believed it was shielding its guidelines determinations from review.[2]  If the court had sustained Mr. Webb's objection to the loss amount or any of his several other objections, Mr. Webb unquestionably would have retained his right to challenge the 327-month sentence on appeal. The district court's announcement that it would have imposed a 327-month sentence even if the correct guidelines range called for a shorter sentence therefore reveals a disregard for the sentencing guidelines in violation of *Peugh*.  It also stretched the scope of the appeal waiver beyond the firm, outer boundaries reasonably contemplated by Mr. Webb. Accordingly, in the event the government seeks to enforce the appeal waiver, this Court should refuse to do so.

Mr. Webb plans to file a *pro se* brief challenging the sentence.  This Court should consider his arguments.

---

[2]*But see United States v. Gomez-Jimenez*, 750 F.3d 370, 389-92 (4th Cir. 2014) (Gregory, J., concurring in part and dissenting in part) (questioning whether a district court can render harmless a sentencing error by announcing it would impose the same sentence as an alternative, variant sentence).

15

II.    **THE PROSECUTOR BREACHED MR. WEBB'S PLEA AGREEMENT BY REQUESTING A SENTENCE WITHIN A GUIDELINES RANGE THE DISTRICT COURT CALCULATED BASED ON A LOSS RANGE THAT EXCEEDED THE RANGE AGREED UPON IN THE PLEA AGREEMENT.**

### A. Standard of Review.

Because Mr. Webb did not argue in the district court that the plea agreement was breached, this claim is subject to review for plain error. *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997).

### B. Discussion of Issue.

The government is required to honor promises made to a defendant in a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262 (1971). When the government breaks a promise in a plea agreement, the breach implicates due process by impairing the knowing and voluntary nature of the plea, and it undermines "the honor of the government [and] public confidence in the fair administration of justice." *United States v. Harvey*, 791 F.2d 294, 300-01 (4th Cir. 1986) (internal quotation marks omitted).

When the government agrees in the plea agreement to advocate a specific position at the sentencing hearing and then fails to do so, it breaches the agreement. *United States v. Dawson*, 587 F.3d 640, 645-48 (4th Cir. 2009) (on plain error review, the Court found a breach where the government failed to honor its promise to

16

recommend a 2-level reduction for the defendant's minor role); *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997) (same where the government failed to honor its promise to make two sentencing recommendations); *United States v. Peglera*, 33 F.3d 412, 414-15 (4th Cir. 1994) (the government materially breached the plea agreement when it failed to honor its promise to recommend a sentence at the low end of the guidelines range).

Moreover, a defendant's waiver of his right to appeal his sentence is not enforceable where the government breaches the plea agreement. *See United States v. Lewis*, 633 F.3d 262, 271 n.8 (4th Cir. 2011); *see also Dawson*, 587 F.3d at 644 n.4 ("A defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement.").

Mr. Webb's plea agreement provided:

The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

* * *

b.   A[n] 18 level specific offense enhancement is warranted under U.S.S.G. §2B1.1 because the loss exceeded $2.5 Million, but was less than $7 Million.

D.E. 44:7.

17

Despite this stipulation, the presentence investigation report (PSR) listed a loss amount of $11,710,766.02 and applied a 20-level enhancement.  PSR ¶ 56; *see* U.S.S.G. § 2B1.1(b)(1)(K) (20-level enhancement applies if the loss amount is more than $7 million and up to $20 million).  Mr. Webb objected to the loss amount and the 20-level enhancement. D.E. 146:6-19, 63; D.E. 142:9-10, 14-15; PSR addendum. He asserted that no loss enhancement should be applied, because "credits against loss" exceeded $47 million.  D.E. 146:63; D.E. 142:14-15; PSR Addendum; *see* U.S.S.G. § 2B1.1, comment. (n.3(E)).

During the sentencing hearing, the prosecutor acknowledged Mr. Webb's challenge to the loss amount and stated:

> The government, in this case alone and just for the purpose of this hearing, the government has agreed to let Mr. Webb out of that provision of the agreement [the loss stipulation].  The government is going to put on evidence and we're happy to let Mr. Webb put on whatever evidence he wishes to put on with regard to the loss in this case.  The government will stand by its obligation in the plea agreement and advocate for the loss of $2.57 million.  So we ask the court to release Mr. Webb from that obligation under the plea agreement.

D.E. 142:9.

For most of the lengthy sentencing hearing, the prosecutor honored his promise to stand by the contractual obligation to advocate for a $2.57 million loss amount. *See, e.g.,* D.E. 142:9, 153-54, 293-94.  In the end, however, the district court found

Mr. Webb accountable for losses exceeding $11 million and applied the 20-level loss enhancement based on that  amount, yielding a sentencing guidelines range of 262-327 months.  D.E. 142:296, 309.  The prosecutor requested imposition of a sentence at the top of the range.  D.E. 142:321.  By making this request, the prosecutor sought the harshest guidelines sentence that applied to the loss amount of $11.7 million and therefore advocated for the use of an amount that more than quadrupled the $2.57 million amount for which he promised to advocate.  The prosecutor thereby breached his promise to advocate for the stipulated loss amount.  Further, the judge imposed the 327-month sentence requested by the prosecutor.  D.E. 142:331.  This fact supports an inference that the prosecutor's recommendation influenced the sentence imposed.

Undersigned counsel recognizes that once Mr. Webb unequivocally stated his intention to prove additional credits against losses that would reduce the loss amount and corresponding offense level below those stipulated in the plea agreement, the prosecutor was no longer legally bound by the contractual loss stipulation.  *See* D.E. 44:7 ("if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors"); *see also United States v. West*, 2 F.3d 66, 69-70 (4th Cir. 1993) (a defendant's breach of the plea agreement "relieves the government of its obligation

19

to conform to the agreement's terms"). Undersigned counsel also recognizes that the prosecutor scrupulously complied with his promise to advocate for use of the stipulated loss amount up until the time the district court made a contrary finding that the loss amount exceeded $11.7 million (D.E. 142:297), and that it deferred to the district court's guidelines calculations in its sentencing request. Further, the record reflects the district court was fully aware that the prosecutor advocated the use of the stipulated loss amount. D.E. 142:293-94, 297. For these reasons, counsel feels constrained to assert this issue pursuant to the procedures of *Anders v. California*, 386 U.S. 738 (1967).

Mr. Webb plans to file a *pro se* brief challenging the district court's calculation of his sentencing guidelines range and addressing numerous issues, to include the issues contained herein as well as issues not contained herein.

20

## CONCLUSION

For the foregoing reasons, the appellant, James T. Webb, respectfully requests

that his sentence be vacated and that the case be remanded for resentencing.

Respectfully submitted,

/s/ Anne M. Hayes
ANNE M. HAYES
Attorney for Appellant
P.O. Box 4203
Cary, NC 27519
Telephone No. (919) 402-6134
Facsimile No. (919) 439-6384

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because it contains 21 numbered pages, which does not exceed the 30 pages permitted by the Rule.

I also certify that this brief complies with the type face requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect in 14-point Times New Roman.

/s/ Anne M. Hayes
ANNE M. HAYES
Attorney for Appellant

**CERTIFICATE OF SERVICE ON APPELLEE**

I certify that on August 7, 2014, I electronically filed the foregoing Brief of

Appellant James T. Webb with the Clerk of Court using the CM/ECF system, which

will send notice of such filing to the following CM/ECF user:

Jennifer P. May-Parker
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC  27601


/s/ Anne M. Hayes
ANNE M. HAYES
Attorney for Appellant